# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN INMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>KNOWLEDGE LEARNING CORPORATION, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00705-SAB<br><br>ORDER RE: PLAINTIFF'S RULE 56(d) REQUEST |

Currently before the Court is Plaintiff Karen Inman's ("Plaintiff") request, pursuant to Federal Rule of Civil Procedure 56(d), to defer consideration of Defendants Knowledge Learning Corp. and Kindercare Learning Centers, LLC ("Defendants") motion for summary judgment and to request leave to conduct a deposition after the expiration of the discovery deadline. Plaintiff and Defendants submitting written briefs on the issue on September 13, 2013 (ECF Nos. 31-35) and the Court conducted a hearing on the matter on September 16, 2013.

For the reasons set forth below, the Court will extend the discovery deadline for the limited purpose of conducting the deposition of Erin Cochell, conditioned upon Plaintiff's counsel reimbursing Defendants' counsel for the out-of-pocket costs associated with the deposition.

///

# I.

# BACKGROUND

Plaintiff requests that the Court's ruling on Defendants' motion for summary judgment be deferred and that Plaintiff be afforded the opportunity to depose Erin Cochell. The deadline for conducting non-expert discovery in this case was May 17, 2013.

The facts pertaining to Plaintiff's attempts to depose Ms. Cochell are largely undisputed. On October 31, 2012, counsel for Plaintiff e-mailed counsel for Defendants asking to schedule some dates for depositions. (Decl. of Ryan L. Eddings in Supp. of Defs.' Opp'n to Pl.'s Req. to Depose Witness Under FRCP 56(d) ("Eddings Decl.") Ex. C, at pg. 1.) In this e-mail, Plaintiff identified Erin Cochell as one of the future deponents. (Eddings Decl. Ex. C, at pg. 1.) In response, Defendants' counsel stated that "Defendant will produce as many of those individuals it can. Obviously, it will produce those individuals who work for the company." (Decl. of Amanda B. Whitten in Supp. of Pl.'s Req. to Take the Dep. of Erin Cochell Under FRCP 56(d) ("Whitten Decl.") Ex. D, at pg. 2.). At the time of this email, Erin Cochell was an employee of Defendants.

Thereafter, Counsel exchanged e-mails with each other and discussed the possibility of settlement. (Whitten Decl. Ex. D, at pp. 1-2.) Months later, on January 16, 2013, counsel for Plaintiff e-mailed Defendants' counsel and asked to "go ahead and get dates for these depositions." (Whitten Decl. Ex. D, at pg. 1.) Counsel for Defendants responded by asking, "I assume you still want to depose the individuals you identified earlier," referring to the October 31, 2012 e-mail which included Ms. Cochell's name. (Whitten Decl. Ex. D, at pg. 1.) Plaintiff answered in the affirmative. (Whitten Decl. Ex. D, at pg. 1.)

On January 23, 2013, counsel for Plaintiff sent an e-mail to counsel for Defendants, which consisted of redlined notes of a prior e-mail regarding the deposition schedule. (Whitten Decl. Ex. E, at pg. 1.) The deposition schedule listed the proposed deponents, but Erin Cochell was not listed. (Whitten Decl. Ex. E, at pg. 1.) A person named "Michael Jeri Walkup" was listed as a deponent. (Whitten Decl. Ex. E, at pg. 1.) As noted by Plaintiff, "Michael Jeri Walkup" is not an actual person to be deposed, but was an apparent typographical error and

"mashup" of the names of two other witnesses, Michael Hessling and Jeri Walkup.

Two deposition notes were prepared and served by Plaintiff in February 2013. (Whitten Decl. Ex. D and E.) Neither deposition notice included a notice directed toward Ms. Cochell. (Whitten Decl. Ex. D and E.) Depositions were put off for several months to give Defendants time to supplement discovery and to accommodate Defendants' counsel's paternity leave. When additional deposition notices were served in May 2013, Ms. Cochell was still not included. (Whitten Dec. Ex. G.)

On May 17, 2013, counsel for Plaintiff wrote to counsel for Defendants to request Ms. Cochell's deposition. (Whitten Decl. Ex. H.) Plaintiff wrote "[a]s I'm reviewing documents for next week, I'm realizing I will probably need to depose Erin Cochell at some point." (Whitten Decl. Ex. H, at pg. 1.) Defendants refused to extend the discovery cut-off deadline for the purpose of conducting the deposition of Ms. Cochell.[1]

On May 30, 2013, Plaintiff requested a telephonic discovery dispute conference with the Court to discuss the issue of the Cochell deposition. (ECF No. 17.) On May 31, 2013, the Court found that there was no good cause to extend the discovery deadline to accommodate the Cochell deposition, but that the parties were free to mutually agree to any post-discovery deadline discovery. (ECF No. 19.)

## II.

## DISCUSSION

### A. Plaintiff's Request Under Federal Rule of Civil Procedure 56(d)

This matter is currently presented to the Court as a request under Federal Rule of Civil Procedure 56(d) to defer ruling on Defendants' motion for summary judgment until after Ms. Cochell is deposed. Plaintiff previously sought an extension of the discovery deadline under Federal Rule of Civil Procedure 16, but that request was denied by the Court. Accordingly, Plaintiff seeks alternative grounds to depose Ms. Cochell.

However, after reviewing the record, which includes facts not presented to the Court

---

[1] Defendants acknowledge that they permitted Plaintiff to conduct some other depositions after the discovery deadline. These depositions were noticed on May 9, 2013 and occurred on May 21 and 22, 2013 in Portland.

3

when it ruled on Plaintiff's request under Rule 16, the Court finds that the proper course of action is to revisit its prior order on Plaintiff's request under Rule 16. As explained in more detail below, the facts presented to the Court show that reconsideration of the prior order is warranted. Accordingly, Plaintiff's request under Rule 56(d) will be denied.

### B.    Reconsideration of the Court's Prior Ruling on Plaintiff's Request to Extend the Discovery Deadline

The Court previously denied Plaintiff's request to extend the discovery deadline to conduct Ms. Cochell's deposition. However, new facts have been brought to the Court's attention that warrant reconsideration of the Court's prior order. See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001).

In May 2013, when the issue of Cochell's deposition was first presented to the Court, Defendants made the representation that Plaintiff raised the issue of Cochell's deposition for the first time on May 17, 2013—the last day for discovery. At the time, this fact was not disputed by the Plaintiff. Based upon this representation, the Court determined that there was no good cause to extend the discovery deadline to accommodate the Cochell deposition.

However, since the Court's ruling, the parties further developed the record which revealed to the Court for the first time that Plaintiff requested to schedule Ms. Cochell's deposition as early as October 2012, when Plaintiff specifically asked Defendants for a date and time to conduct the deposition.[2] Moreover, Plaintiff contends that Defendants circulated the first proposed deposition schedule and omitted any reference to Ms. Cochell, despite the fact that she was in the list that Plaintiff sent to Defendants.

Based upon these facts, the Court finds it necessary to revisit its prior ruling on Plaintiff's request to extend the discovery deadline.

### C.    Modification of the Scheduling Order

A pre-trial scheduling order may be modified "only for good cause and with the judge's

---

[2] Defendants, in an August 2, 2013 letter to the Court correcting its prior informal letter brief submitted to the Court, stated that misrepresentation of when the Cochell deposition was first brought up by Plaintiff was inadvertent. Defendants stated that the former partner assigned to this case left the firm and the new attorney taking over the case was in the process of familiarizing himself with the record.

1  consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s "good cause" standard primarily considers the
2  diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975
3  F.2d 605, 609 (9th Cir. 1992).

4      Here, the failure to meet the discovery deadline appears to be attributable to both Plaintiff
5  and Defendants. Defendants appear to have circulated an initial draft of the proposed deposition
6  schedule that did not include any reference to Ms. Cochell. Defendants were clearly working off
7  the list of witnesses provided by Plaintiff in October 2012, which clearly listed Ms. Cochell as a
8  future deponent. It is unclear why Defendants made the mistake of leaving Ms. Cochell off the
9  first proposed deposition schedule. However, Plaintiff made no effort to correct the record of
10 deponents. This court subscribes no bad faith motive to any of the party or counsel in this case,
11 but from this point until May 17 neither party corrected the apparent typographical error in the
12 deposition schedule.

13     Plaintiff then appeared to rely on the list of deponents circulated by Defendants without
14 double checking whether it included Ms. Cochell. Plaintiff's failure to look beyond the list
15 circulated by Defendants to ensure that her deposition notices included all the witnesses she
16 wished to depose was decidedly imprudent. However, it would be unjust to deny Plaintiff the
17 right to depose Ms. Cochell based upon a series of events that snowballed from Defendants'
18 failure to include Ms. Cochell in the initial schedule of depositions being discussed between
19 counsel. Moreover, any prejudice to Defendants is limited to the additional costs associated with
20 taking the deposition. The Court will reduce that prejudice by ordering that certain costs be
21 reimbursed by the Plaintiff if the Plaintiff wishes to proceed with the deposition.

22     At the hearing, the Court asked Plaintiff's counsel whether she would be amenable to
23 deposing Ms. Cochell if it were conditioned upon Plaintiff's counsel reimbursing Defendants'
24 counsel for the out-of-pocket costs (i.e., travel costs, lodging costs and meal costs) associated
25 with conducting the deposition in Portland. Counsel for Plaintiff did not oppose such a
26 condition. Accordingly, the Court will extend the discovery deadline for the limited purposes of
27 allowing Plaintiff to depose only Ms. Cochell, on the condition that Plaintiff reimburse
28 Defendants for the out-of-pocket costs associated with the deposition. See Fed. R. Civ. P.

16(f)(2) (authorizing court to order party to pay reasonable expenses incurred because of noncompliance with scheduling order); <u>Weyerhaeuser Co. v. Accurate Recycling Corp.</u>, 244 F.R.D. 648, 649-50 (W.D. Wash. 2007) (ordering party moving to extend discovery deadline to reimburse opposing party for costs associated with "avoidable motion").

## III.
## CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request under Federal Rule of Civil Procedure 56(d) is DENIED;

2. Plaintiff is permitted to schedule and conduct the deposition of Erin Cochell within forty (40) days of the date of service of this order, provided that Plaintiff's counsel reimburses Defendants' counsel for all out-of-pocket expenses associated with the deposition; and

3. All other hearing dates and deadlines shall remain unmodified.

IT IS SO ORDERED.

Dated: **September 18, 2013**

UNITED STATES MAGISTRATE JUDGE